## PUNDT v. RISPIN. *
### No. 7073.

Circuit Court of Appeals, Fifth Circuit.
Dec. 5, 1933.

Harry B. Barnhart, of Dallas, Tex., and Toddie L. Wynne, of Athens, Tex., for appellant.

James E. Anderson and L. E. Elliott, both of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is a suit by appellee to recover the balance due on a contract for the sale of oil and gas leases. The contract provided that appellee's assignor, as vendor, should furnish abstracts showing good merchantable title, appellant, as purchaser, to have a reasonable time to examine the abstracts and the vendor

*Rehearing denied January 13, 1934.

a reasonable additional time to cure any defects of title, or to return the earnest money and declare the contract at an end. It appearing that there were interests in the leases which had not been acquired by the vendor, appellant was authorized by a supplemental agreement to undertake to clear the title. In doing so he paid for and took assignments from divers third parties who had interests in outstanding leases on portions of the property. He claims that, before acquiring those outstanding interests, he communicated by telephone with appellee's assignor and had his authority to make the expenditures reasonably necessary to cure the title and to deduct the amounts thereof from the purchase price. The sale was finally consummated and appellant paid the balance of the purchase price conceded by him at that time to be due. In answer to the suit, he claimed credit on the purchase price for the expenditures made by him in perfecting the title, and most of the items of credit were allowed by the district judge before whom the case by written consent was tried without a jury.

Three items of expenditure were disallowed, and because they were this appeal was taken. One of those items was a claim for $7,500 paid to W. R. White, who had acquired a one-half working interest in 80 acres of the land involved by drilling a well on it for the vendor, and he refused to part with his interest except upon the payment of that amount. This expenditure was thoroughly established by the evidence, though strangely enough appellant's answer made no mention of it. Appellant, discovering this oversight after the evidence had all been taken, but before final judgment, asked leave to file an amendment to include the payment to White, and thus make the pleadings conform to the proof. The district judge rejected the amendment and refused permission to file it solely on the ground that it came too late. The other two items were included in appellant's answer, and the ground on which they were rejected is not at all explained by the brief of appellee, who does not discuss the case on its merits, but contents himself with taking the position that no proper exceptions were taken during the course of the trial, and hence that no question is presented by the assignments of error which this court is authorized to consider.

■■ According to the record before us, the court before entering judgment noted an exception to the action taken on each item of expenditure which had been rejected. However, it is unnecessary to consider any pay-

ment except that made to White, since in our view it was error under the circumstances to deny leave to file the amendment to the answer and to refuse to pass upon the question whether appellant was entitled to credit for the $7,500 he paid to White. The record shows affirmatively that an exception was taken and allowed by the court in regard to this payment. This being so, the other two items which were also rejected may be again presented for consideration upon another trial. Ordinarily, it is true that whether a defendant will be permitted to amend his answer after the evidence is all in is a question to be determined by the trial court in the exercise of a sound discretion. Especially is this so when the amendment would necessitate the taking of additional evidence or postponement of the trial. But where, as here, an amendment is offered before judgment only for the purpose of making the pleadings conform to proof already taken, and the taking of new evidence is not asked for and is unnecessary, the trial court ought to allow the amendment in the exercise of its sound discretion to the end that justice may be done. It cannot reasonably be said under such circumstances that the amendment comes too late.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.